IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

               Plaintiff,                            ORDER

            v.                               10-cr-140-bbc-1

AARON N. HULTQUIST,

               Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A telephone status conference was held in this case on March 24, 2020. The government appeared by Elizabeth Altman. Defendant and counsel, Murali Jasti, also participated; along with Senior Probation Officer Traci Jacobs. At the hearing, the parties discussed defendant's continued release on conditions until a formal judicial review can be set in June 2020 after the coronavirus emergency.

The parties agreed that the March 24, 2020, judicial review shall be held in abeyance until June 3, 2020, at 11:00 a.m. unless Mr. Hultquist commits new violations of his supervised release before June 3, 2020. The parties and defendant agreed to the following standard and special conditions below, as well as the mandatory conditions of supervised release. They are reasonably related to the offense of conviction, his personal history and characteristics and his demonstrated noncompliance with prior supervision conditions.

**Standard Conditions**

The following information is provided for consideration with respect to the revocation proceedings in this matter. Pursuant to the Seventh Circuit Court of Appeals decisions in *United States v. Thompson, et al.,* 777 F.3d 368 (7th Cir. 2015), a sentencing judge must give a reason, consistent with the sentencing factors set forth at 18 U.S.C. § 3553(a), for any non-mandatory condition of supervision.

The standard and special conditions of supervised release that were imposed at the time of original sentencing on March 11, 2011, were reasonably related to the offense of conviction, as well as the personal history and characteristics of Mr. Hultquist.

The standard conditions of supervision, as set forth in 18 U.S.C. §§ 3563(b) and 3583(d), have been established by policy of the Judicial Conference, as informed by U.S. Sentencing Commission policy statements in §§5B1.3 and 5D1.3. The District Court for the Western District of Wisconsin has adopted some modifications as a result of Seventh Circuit case law. These standard conditions, adopted from 18 U.S.C. §§ 3563(b) and 3583(d) and numbered below, identify the basic requirements, expectations, and limitations for defendants and address corresponding risk-related or recidivism-related factors. The standard conditions provide probation officers with the means to monitor the conduct of defendants who are under court-ordered supervision by matching supervision and programming to factors correlated with risk.

| STANDARD CONDITIONS OF SUPERVISION | JUSTIFICATION |
|---|---|
| 1) **Defendant shall not knowingly leave the judicial district in which defendant is being supervised without the permission of the Court or probation officer.** | To provide community protection, rehabilitation for defendant, and to enable the supervising probation officer's statutory duty to keep informed of defendant's location, conduct, condition, and compliance; and confirm sex offender registration requirements.<br>18 U.S.C. § 3553(a)(1), (a)(2)(B) and (C);<br>18 U.S.C. § 3563(b)(14);<br>18 U.S.C. § 3603(2) and (7);<br>USSG §5B1.3(b)(1)(A), (C), (D) and (b)(2); USSG §5D1.3(b)(1)(A), (B), (C) and (b)(2). |

| | | |
|---|---|---|
| 2) | **Defendant is to report to the probation office as directed by the Court or probation officer and shall submit a complete written report within the first five days of each month, answer inquiries by the probation officer, and follow the officer's instructions. The monthly report and the answer to inquiries shall be truthful in all respects unless a fully truthful statement would tend to incriminate defendant, in violation of defendant's constitutional rights, in which case defendant has the right to remain silent.** | To provide community protection, rehabilitation for defendant, to ensure officer and defendant safety, and to enable the supervising probation officer's statutory duty to keep informed of defendant's location, conduct, condition, and compliance.<br>18 U.S.C. § 3553(a)(1), (a)(2)(B), (C) and (D);<br>18 U.S.C. § 3563(b)(15) and (17);<br>18 U.S.C. § 3603(2), (3), (4) and (7);<br>USSG §5B1.3(b)(1)(B)(C), (D), (E) and (b)(2);<br>USSG §5D1.3(b)(1)(B), (C), (D) and (b)(2). |
| 3) | **Defendant shall maintain lawful employment, seek lawful employment, or enroll and participate in a course of study or vocational training that will equip defendant for suitable employment, unless excused by the probation officer or the Court.** | Evidence based practice research indicates that lawful, stable employment and education are pro-social activities that reinforce the rehabilitation of defendant. Employment and education have been identified as risk factors for recidivism.<br>18 U.S.C. § 3553(a)(2)(B), (C) and (D);<br>18 U.S.C. § 3563(b)(4) and (5);<br>18 U.S.C. § 3603(2), (3), (4) and (7);<br>USSG §5B1.3(b)(1)(C), (D) and (E);<br>USSG §5D1.3(b)(1)(B), (C) and (D). |
| 4) | **Defendant shall notify the probation officer within seventy-two hours of any change in residence, employer, or any change in job classification.** | To provide community protection, rehabilitation for defendant, to ensure officer and defendant safety, and to enable the supervising probation officer's statutory duty to keep informed of defendant's location, conduct, condition, and compliance.<br>18 U.S.C. § 3553(a)(2)(C);<br>18 U.S.C. § 3563(b)(13), (15), (16) and (19);<br>18 U.S.C. § 3603(2), (3), (4) and (7);<br>USSG §5B1.3(b)(1)(D) and (b)(2);<br>USSG §5D1.3(b)(1)(C). |

| | | |
|---|---|---|
| 5) | **Defendant shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician. Defendant shall not use any product containing cannabidiol (CBD) or tetrahydrocannabinol (THC), except as prescribed by a physician.** | Evidence based practice research indicates the use of illicit chemicals is a risk factor for recidivism. This condition is recommended to assist with defendant's rehabilitation, officer and defendant safety, and to protect the public.<br>18 U.S.C. § 3553(a)(1), (a)(2)(A), (B) and (C); 18 U.S.C. § 3563(b)(7); 18 U.S.C. § 3603(3); USSG § 5B1.3(b)(1)(A), (B), (C) and (D); USSG § 5D1.3(b)(1)(A), (B) and (C). |
| 6) | **Defendant shall not visit places where defendant knows or has reason to believe controlled substances are illegally sold, used, distributed, or administered.** | Evidence based practice research indicates that frequenting places where illicit chemicals are sold, used, distributed or administered increases the risk that defendant will purchase, use or possess illicit chemicals. Individuals involved in the distribution of illicit chemicals present a risk of peer association as identified in the research. This condition supports rehabilitation of defendant and promotes public safety<br>18 U.S.C. § 3553(a)(1), (a)(2)(B) and (C);<br>18U.S.C. § 3563(b)(6);<br>18 U.S.C. § 3603(3);<br>USSG §5B1.3(b)(1)(A), (B), (C), (D) and (b)(2);<br>USSG §5D1.3(b)(1)(A), (B) and (C). |
| 7) | **Defendant shall not meet, communicate, or spend time with any persons defendant knows to be engaged in criminal activity or planning to engage in criminal activity.** | Evidence based practice research indicates that association with peers involved in criminal activity increases the risk of recidivism. This condition promotes and encourages pro-social relationships that are conducive to a law-abiding lifestyle.<br>18 U.S.C. § 3553(a)(1), (a)(2)(A), (B) and (C);<br>18 U.S.C. § 3563(b)(6); 18 U.S.C. § 3603(3);<br>USSG §5B1.3(b)(1)(B), (C) and (D);<br>USSG §5D1.3(b)(1)(B) and (C). |

| | |
|---|---|
| 8) **Defendant shall permit a probation officer to visit defendant at home, work, or some other mutually convenient location designated by the probation officer at any reasonable time and shall permit confiscation of any contraband observed in plain view by the probation officer.** | Community contacts ensure compliance with court-ordered conditions and assist defendant in maintaining a law-abiding lifestyle.<br>18 U.S.C. § 3553(a)(1), (a)(2)(A), (B), and (C);<br>18 U.S.C. § 3563(b)(13), (15), (16) and (17);<br>18 U.S.C. § 3603(2), (3), (4) and (7);<br>USSG§ 5B1.3(b)(1)(A), (B), (C), (D) and (b)(2);<br>USSG §5D1.3(b)(1)(A), (B), (C) and (b)(2). |
| 9) **Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.** | To provide for community safety and rehabilitation of defendant.<br>18 U.S.C. § 3553(a)(1), (a)(2)(A), (B) and (C);<br>18 U.S.C. § 3563(b)(18);<br>18 U.S.C. § 3603(2), (3), (4) and (7);<br>USSG § 5B1.3 (b)(1)(A), (B), (C) and (D);<br>USSG § 5D1.3 (b)(1)(A), (B) and (C). |
| 10) **Defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court.** | Evidence based practice research indicates contact with criminals and potential involvement in facilitating other crimes sanctioned by law enforcement officers directly contradicts the condition of no new offenses and criminal associations, which are risk factors for recidivism. Therefore, strict monitoring by the Court/probation office is necessary for the safety of the community, defendant, and the supervising probation officer.<br>18 U.S.C. § 3553(a)(1), (a)(2)(A), (B) and (C);<br>18 U.S.C. § 3563(b)(5), (6), (15), (17) and (18);<br>18 U.S.C. § 3603(2), (3), (4) and (7);<br>USSG §5B1.3(b)(1)(A), (B), (C) and (D);<br>USSG §5D1.3(b)(1)(A), (B) and (C). |

| | |
|---|---|
| 11) **Defendant shall report to the probation office in the district to which defendant is released within 72 hours of release from the custody of the Bureau of Prisons, unless instructed by a U.S. probation officer to report within a different time frame.** | To review and clarify conditions of supervision imposed by the court at sentencing. To assist with risk and needs assessment, monitoring requirements, release planning, and program referrals. To set goals for supervision.<br>18 U.S.C. § 5363(b)(15); USSG §§ 5B1.3(c)(1); USSG § 5D1.3(c)(1). |
| 12) **Defendant shall not possess a firearm, ammunition, destructive device, or dangerous weapon.** | To comply with statutory provisions. To provide for community safety, as well as the safety of the supervising U.S. probation officer.<br>18 U.S.C. §§ 921 and 922; 18 U.S.C. § 5363(b)(10); USSG § 5D1.3(c)(10); and *U.S. v. Armour*, 804 F.3d 859, 869 (7th Cir. 2015). |

**Special Conditions**

The following special conditions, in addition to the mandatory conditions, would be recommended if an additional term of supervision is deemed appropriate by the Court:

| SPECIAL CONDITIONS OF SUPERVISION | JUSTIFICATION |
|---|---|
| 13) **Provide the supervising U.S. Probation Officer any and all requested financial information, including copies of state and federal tax returns;** | Based on the need to monitor his ability to support himself through legitimate means, and the requirement to report place of employment under SORNA. |
| 14) **Submit person, property, residence, papers, vehicle, computers [as defined in 18 U.S.C. § 1030(e)(1), or other electronic communications, data storage device, or media], or office to a search conducted by a U.S. Probation Officer at a reasonable time and manner, whenever the probation officer has reasonable suspicion of contraband or of the violation of a condition of release relating to substance abuse or illegal activities; failure to submit to a search may be a ground for revocation; defendant shall warn any other residents that the premises defendant is** | Based on the nature of the offense of conviction, his history of possessing materials and unmonitored devices supportive of sexual offending, the need to protect the public from further criminal activity perpetrated by defendant as suggested by his criminal history, and the need to ensure the safety of the supervising U.S. probation officer. |

| | | |
|---|---|---|
| | **occupying may be subject to searches pursuant to this condition;** | |
| 15) | **Not possess any depictions of sexually explicit conduct of minors as defined in 18 U.S.C. § 2256(8).** | Based on the offense of conviction, the need to protect the public from further criminal activity perpetrated by the defendant, and to assist in identifying and addressing defendant's acute and stable dynamic risk factors for re-offending. |
| 16) | **Not own, use or have access to the services of any commercial mail-receiving agency or open or maintain a post office box without the prior approval of the supervising U.S. Probation Officer;** | Based on defendant's possession of unauthorized devices used to access images that promote the sexual abuse of minors and his subsequent subterfuge relating to those devices. |
| 17) | **Not meet or spend time with any person under the age of 18 or have verbal, written, telephonic or electronic communication with any such person. This provision does not include persons under the age of 18, such as waiters, cashiers, ticket vendors, etc., with whom defendant must deal in order to obtain ordinary and usual commercial services;** | Based on defendant's current supervision adjustment and prior criminal record that includes his possession of materials that promote the sexual abuse of minors. |
| 18) | **Not work in any occupation, business or profession, or participate in any volunteer activity where defendant has access to children under the age of 18 without the prior approval of the supervising U.S. probation officer;** | Based on defendant's current supervision adjustment and prior criminal record that includes his possession of materials that promote the sexual abuse of minors. |
| 19) | **Comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C §20913, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which defendant resides, works, is a student or was convicted of a qualifying offense;** | Based on the offense of conviction and the need to monitor defendant's compliance with local, state, and federal laws. |
| 20) | **As approved by the supervising U.S. Probation Officer, undergo psychosexual evaluations which may involve use of polygraph examinations. Defendant shall participate in an outpatient sex offender counseling program if recommended by the** | Based on defendant's prior criminal record that includes the possession of child sexual abuse images, prior unsuccessful participation in sex offender treatment, his ongoing pursuit of images or articles that support the |

| | | |
|---|---|---|
| | evaluator, which may involve the continued use of polygraph examinations. Defendant's answers to questions by the treatment provider, probation officer and polygraph examiner shall be truthful in all respects unless a fully truthful statement would tend to incriminate defendant, in violation of defendant's constitutional rights, in which case defendant has the right to remain silent. Defendant shall follow all treatment requirements and restrictions. If defendant is eligible for funding from any source to cover the cost of treatment, defendant is to make reasonable efforts to obtain such funding. Participation in treatment does not require payment by defendant unless it is clear defendant can afford it. Defendant shall allow reciprocal release of information between the supervising U.S. Probation Officer and the treatment provider. | sexual abuse of minors, and to assist in identifying and addressing defendant's acute and stable dynamic risk factors for re-offending. |
| 21) | **Participate in mental health referral, assessment, and treatment as approved by the supervising U.S. Probation Officer and comply with all rules, regulations, and recommendations of the mental health agency or its representative to the extent approved by the supervising U.S. Probation Officer. If defendant is eligible for funding from any source to cover the cost of treatment, defendant is to make reasonable efforts to obtain such funding. Participation in treatment does not require payment by defendant unless it is clear defendant can afford it.** | To help monitor his mood disorder, help develop strategies for healthy independent living, help maintain employment, and help with his ongoing readjustment to society. |
| 22) | **Defendant shall provide the supervising U.S. Probation Officer advance notification of any devices associated with or falling within the general category of information technology (IT) that produce, manipulate, store, communicate or disseminate information used by defendant. This includes external and portable hard drives. The probation** | Based on defendant's prior criminal record that includes the possession of child sexual abuse images, his continued unauthorized use of electronic devices to seek and obtain images or articles supportive of the sexual abuse of minors, and to assist in identifying and |

8

| | | |
|---|---|---|
| | office is authorized to install applications to monitor any such devices owned or operated by defendant. Defendant is required to comply with the monitoring agreement and may not disable or circumvent any applications. Defendant shall consent to and cooperate with unannounced examinations of any technological equipment owned or used by defendant, including but not limited to retrieval and copying of all data from all information technology devices and any internal or external peripherals based on reasonable suspicion of contraband or illegal activity. The examinations may involve removal of such equipment for the purpose of conducting examination. | addressing defendant's acute and stable dynamic risk factors for re-offending. |
| 23) | **Defendant shall not provide consulting or conduct any activities related to improving or fixing systems falling within the general category of information technology (IT) that produce, manipulate, store, communicate or disseminate information.** | Based on defendant's current supervision adjustment that includes his continued engagement in providing verbal and in-person consulting and repair services of unmonitored technological devices. |
| 24) | **Participate for a period of 120 days in a location monitoring program that may include voice recognition. Defendant shall abide by the technology requirements implemented at the direction of the supervising U.S. Probation Officer. During this period, defendant shall remain at defendant's residence. Exemptions for employment and educational purposes; religious services; medical; mental health, attorney visits; court appearances; and other activities are to be pre-approved by the supervising probation officer. Defendant shall not be responsible for the cost of location monitoring.** | Based on defendant's current supervision adjustment; his repeated unsupervised contact with minors; the need to verify defendant is not at a residence where he has access to minors; and the need to monitor defendant's compliance with local, state, and federal laws. |

## **Mandatory Conditions - 18 U.S.C. § 3563(a) and 18 U.S.C. § 3583(d)**

- Defendant shall not commit another federal, state, or local crime. [Note: Any defendant that has been convicted of a felony offense, or is a prohibited person,

shall not possess a firearm, ammunition, or destructive device pursuant to 18 U.S.C. §§ 921 and 922.]

- Defendant shall not illegally possess a controlled substance. The offense is not drug related and defendant has no history of drug use. Therefore, the requirement for drug testing set forth in 18 U.S.C. § 3583(d) is waived.

- Defendant shall cooperate with the collection of DNA by the U.S. Justice Department and/or the U.S. Probation and Pretrial Services Office as required by Public Law 108-405.

Entered this 25th day of March 2020.

BY THE COURT:
/s/
_____
Barbara B. Crabb
District Judge